**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. ___________________

JEFFREY KIRSCH, AMERICAN RESIDENTIAL EQUITIES, LLC, and AMERICAN RESIDENTIAL EQUITIES, INC.,

Plaintiffs,

**JURY TRIAL DEMANDED**

v.

MIGUEL CARMONA, AIDEN COUCH, JOHN HANSEN, ERICK MAGNO, CHRISTIAN CUNHA, DAVID LLOYD MERRILL, PAUL DESTEFANIS, and PETRA OPPORTUNITY FUND, LTD.,

Defendants.
________________________________________/

**COMPLAINT**

Plaintiffs JEFFREY KIRSCH ("Kirsch"), AMERICAN RESIDENTIAL EQUITIES, LLC, and AMERICAN RESIDENTIAL EQUITIES, INC., by and through their undersigned counsel, hereby files their Complaint against Defendants MIGUEL CARMONA ("Carmona"), AIDEN COUCH ("Couch"), JOHN HANSEN ("Hansen"), ERICK MAGNO ("Magno"), CHRISTIAN CUNHA ("Cunha"), DAVID LLOYD MERRILL ("Merrill"), PAUL DESTEFANIS ("DeStefanis"), and PETRA OPPORTUNITY FUND, LTD. ("POF") (collectively, "Defendants"), and allege in support thereof:

## I. NATURE OF THE ACTION

1. This is a civil action for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. As detailed herein, Defendants operated and

managed a racketeering enterprise, Petra Finance, LLC ("Petra Finance"), and an associated-in-fact enterprise consisting of all Defendants, through a pattern of fraud and extortion. As a result of this racketeering activity, Plaintiffs have suffered injuries in excess of $10 million. Through this lawsuit, they seek trebled damages, attorneys' fees, and costs to the full extent of the law.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this dispute pursuant to 18 U.S.C. § 1964, 15 U.S.C. § 1125(a), and 28 U.S.C. §§ 1331 and 1367(a).

3. This Court has personal jurisdiction over all Defendants pursuant to 18 U.S.C. § 1965, as at least one Defendant resides, has an agent, or transacts his affairs in the district in which this Court sits.

4. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to Plaintiffs' claims occurred here.

## III. GENERAL ALLEGATIONS

### Kirsch's Initial Dealings with Defendants

5. Kirsch is a principal of the American Residential Equities group of companies ("ARE"). ARE, based in Miami, Florida, is in the business of acquiring, servicing, and liquidating pools of residential real estate loans. ARE and its affiliated entities include Plaintiffs American Residential Equities, LLC and American Residential Equities, Inc.

6. During certain times relevant to Plaintiffs' claims, Defendant Merrill worked as an in-house lawyer for ARE.

7. Defendants Couch and Hansen, both foreign nationals, are principals of Defendant POF. Defendants Carmona, Cunha, and Magno, all residents of South Florida, are directors of Defendant POF. Defendant POF is an offshore entity domiciled in the Cayman

Islands and designed to shield its foreign owners' "portfolio income" from taxation by the United States government.

8. Starting in August 2005, Plaintiffs were introduced to some of the individual Defendants through Defendant Magno, and entered into various business arrangements with companies owned by these Defendants. Due to the success of these ventures, Defendants formed POF in 2006 for the express purpose of entering into further business deals with ARE. Pursuant to these deals, POF provided money to ARE for the acquisition of residential loan portfolios. In exchange for a contingent management fee, ARE serviced and liquidated the loans and remitted the proceeds to POF.

9. During the same time period, POF also entered into a business arrangement with Seabreeze Financial, LLC ("Seabreeze"), which was run by Kirsch's son. Under these deals, POF lent Seabreeze funds; Seabreeze then, in turn, made commercial loans with the funds.

10. Petra Finance is a limited liability company formed and domiciled in Florida. Defendants Carmona and Magno are its owners, although in certain filings, they claimed that they were simply holding interests in Petra Finance as nominees on behalf of POF. Defendant DeStefanis provides accounting-related services for Petra Finance. Petra Finance acts as the U.S.-based management arm of POF. And, as set forth below, in conjunction with the associated-in-fact enterprise of all Defendants, it is the vehicle through which Defendants Carmona, Cunha, Magno, Merrill, and DeStefanis assist Defendants Couch and Hansen to evade their taxes, through which Defendants defraud closing agents in real estate transactions, extort funds from business partners, and commit other acts of racketeering, and through which all Defendants conspire to commit these acts of racketeering.



COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
Email: info@coffeyburlington.com www.coffeyburlington.com

**Upon the Collapse of the Real Estate Market,**
**Defendants, Through the Enterprises, Turn Their Attention to Kirsch**

11. For several years, the business relationships between ARE, Seabreeze, POF, Petra Finance, and the companies' various principals and agents went smoothly, and Kirsch had no reason to suspect that his business partners were, in fact, engaged in an ongoing racketeering enterprise. Unbeknownst to Kirsch at that time, Defendants, through the Petra Finance enterprise and Defendants' associated-in-fact enterprise, were engaging in a repeated course of fraud. For example, Defendants, through Petra Finance and their associated-in-fact enterprise, transacted in real property in the United States utilizing two fraudulent taxpayer identification numbers to deceive closing agents into not withholding 30% from sale proceeds (under Section 871(h) of the Internal Revenue Code), when they were actually acting in those transactions as nominees for the beneficiary-in-interest entity, POF, in violation of 18 U.S.C. § 371, and submitting fraudulent Foreign Investment in Real Property Tax Act ("FIRPTA") affidavits in connection therewith.

12. As the high tide of the country's real estate market began to rapidly recede in late 2007, Defendants, through the RICO enterprises, turned their attention to Plaintiffs.

13. In approximately September 2007, due to the emerging weaknesses in the real estate market, Kirsch urged Defendants Carmona, Cunha, and Magno – acting though Petra Finance and their associated-in-fact enterprise, and on behalf of Defendants Couch and Hansen – to sell their residential loan positions. Defendants Carmona, Cunha, and Magno resisted, however, as they wanted to avoid recognizing a loss on their investment; instead, over the coming months, they sought to become more involved in the management of ARE.

14. But Defendants were not satisfied with simply becoming more involved in the operations of ARE. By February 2008, they had begun to exert intense pressure on Plaintiffs to



COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
Email: info@coffeyburlington.com www.coffeyburlington.com

turn over the parties' large real estate investment portfolio.

15. One tactic Defendants employed to extort a turnover of the real estate investment portfolio was the application of pressure on Plaintiffs from within. To that end, they secretly recruited Defendant Merrill, ARE's in-house lawyer, to assist in squeezing Kirsch and ARE. To induce his cooperation, the other Defendants offered Defendant Merrill a secret $50,000 payment and promised him that he would be responsible for managing their real estate investments once Plaintiffs turned the real estate portfolio over to them. Defendants Couch and Hansen travelled to Florida on numerous occasions to effect the recruitment of Defendant Merrill into Defendants' scheme.

16. In exchange for the offered consideration, and in stark violation of his duties as ARE's counsel and agent, Defendant Merrill agreed to provide confidential information regarding Kirsch and ARE, and to advocate for Kirsch and ARE's accession to the shakedown through his position as a trusted advisor. Defendants' false conduct – accomplished through the U.S. mail and wires, and aided and abetted by the other Defendants – constitutes fraud.

**Defendants, Through the Enterprises, Step Up Their Efforts to Extort Kirsch**

17. Meanwhile, Defendants were applying pressure on other fronts in their efforts to wrest control of the real estate investment portfolio from Plaintiffs. In conjunction with inaccurate information provided by Defendant Merrill, Defendants Carmona, Cunha, and Magno claimed that, using Defendant POF's funds per the parties' business arrangement, Seabreeze had engaged in financial misconduct. Even though the alleged misconduct had not affected Defendant POF's investment in the slightest, Defendants demanded that Plaintiffs turn over the parties' real estate investment portfolio and take other actions to make them "whole."

18. In mid-February 2008, Defendants, including Carmona, Cunha, and Magno,



COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
Email: info@coffeyburlington.com www.coffeyburlington.com

began threatening to make bogus complaints to state and federal regulatory authorities if their demands were not met. Defendants also advised that Defendant Couch, whom they stated had reputed mob ties in Britain, would commit violent acts if ARE and Kirsch did not cooperate. Such implied threats were reiterated in later emails from Defendant Couch to Kirsch. At that point, Plaintiffs succumbed to Defendants' pressure tactics and began working to turn over the real estate assets.

19. However, the enterprise was not done extorting Plaintiffs. In March 2008, Defendants Carmona, Cunha, and Magno paid an uninvited late-night visit to Kirsch's home to squeeze further unearned concessions from him. At Kirsch's home, Defendants Carmona, Cunha, and Magno told Kirsch that if ARE did not pay the sum of $10 million, then Defendants were going to go forward with their threats to report the alleged financial misconduct related to Seabreeze to Florida's Office of Financial Regulation. Defendants further represented in person and via email that they would report Kirsch's son to the authorities, even though he had nothing to do with the alleged scheme. They also repeated their earlier, thinly-veiled threats that physical harm to Kirsch and his family might result if Plaintiffs did not agree to make the demanded payment.

**Continuing Their Pattern of Racketeering Activity, Defendants Route Kirsch's Extorted Payments Through an Offshore Entity, All Part of Their Larger Scheme of Tax Fraud**

20. That month, March 2008, Plaintiffs – influenced by Merrill, who, unbeknownst to Plaintiffs was in league with the other Defendants – caved to Defendants' additional extortive demands and agreed to pay the $10 million.

21. Defendants Carmona, Cunha, Couch, DeStefanis, Hansen, and Magno, through Petra Finance and their associated-in-fact enterprise, set up Redwood Recovery Services, LLC,

purportedly a limited liability company domiciled in Florida ("Redwood"). By agreement signed March 17, 2008, Plaintiffs American Residential Equities, LLC and American Residential Equities, Inc. agreed to sign a $10 million promissory note in favor of Redwood, and Kirsch agreed to guarantee the payments. Kirsch agreed to guarantee the payments, even though he had no obligation to do so, based on the extortive efforts of Defendants, and on the advice of Defendant Merrill, his unfaithful counsel.

22. As it turns out, the promissory note, annexed hereto as Exhibit 1, was a vehicle for tax fraud. The note recites that Redwood is not a "U.S. person," such that Plaintiffs are required to make gross payments of interest without deducting any taxes or reporting the payment of interest to the United States government, even though Redwood was wholly-owned by Petra Finance, and Defendants DeStefanis and Magno executed affidavits in real estate transactions attesting that Petra Finance (1) is a U.S. person as defined by the Internal Revenue Code; (2) is not a disregarded company; and (3) is not a foreign company. (Of course, these affidavits are contrary to the position taken by Defendants Magno and Carmona in other filings, in which they claimed to be nominee owners of Petra Finance on behalf of POF, a foreign entity.) Accordingly, Redwood is not wholly owned by POF or by a non-U.S. person, as stated in the Redwood promissory note.

23. Consistent with the terms of the Redwood promissory note, no person or entity reported the interest income derived from the Redwood promissory note payments. Thus, Defendants Carmona and Magno, through Petra Finance and the associated-in-fact enterprise, received the funds domestically without anyone reporting the income to the IRS.

24. The Redwood promissory note is part of an illegal tax evasion scheme.

25. Defendants engaged in additional tax evasion schemes as well, including the



COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
Email: info@coffeyburlington.com www.coffeyburlington.com

diversion of proceeds from their investment with Plaintiffs through offshore bank accounts held in the name of Safira Fund, SPC, an investment fund. Defendants Carmona and Magno claimed that the investment proceeds were being paid out to foreign-based members of the enterprises, Defendants Couch and Hansen; in reality, Defendants Carmona and Magno were funneling the money to themselves to avoid paying United States income taxes thereon.

**Defendants Defraud Plaintiffs By Forging Aspects of the Redwood Promissory Note**

26. In a further effort to defraud Plaintiffs, Defendants, through Magno, unlawfully altered and manipulated the Redwood promissory note, which was an incomplete document. More specifically, Defendant Magno altered the Redwood promissory note to conceal that no documentary stamps had been paid. Defendant Magno forged the notarial acknowledgement on the Redwood promissory note, which falsely stated that Defendant Magno witnessed Kirsch execute the Redwood promissory note in his presence without undue duress. Defendant Magno further altered the Redwood promissory note by inserting a letter "A" in the Note – to refer to a purported exhibit thereto – in an attempt to make enforceable the incomplete note.

## IV. CAUSES OF ACTION

**COUNT I**
**(Violation of 18 U.S.C. § 1962(c))**
**(against all Defendants)**

Plaintiffs incorporate paragraphs 1 through 26 as if set forth fully herein.

27. Plaintiffs bring this action under 18 U.S.C. § 1964(c), for violations of 18 U.S.C. § 1962(c), as described more fully herein.

28. Plaintiffs and Defendants are "persons" as that term is defined in 18 U.S.C. § 1961(3).

29. Petra Finance is an "enterprise" as that term is defined in 18 U.S.C. § 1961(4).



COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
Email: info@coffeyburlington.com www.coffeyburlington.com

Additionally, all Defendants in this case constitute an "associated-in-fact" enterprise as that term is defined in 18 U.S.C. § 1961(4)

30. Defendants conduct the affairs of and participate in the Petra Finance enterprise and their associated-in-fact enterprise through a pattern of criminal activity in violation of 18 U.S.C. § 1341, relating to mail fraud, 18 U.S.C. § 1343, relating to wire fraud, 18 U.S.C. § 1344, relating to bank fraud, and 18 U.S.C. § 1961(1)(a), relating to extortion.

31. The Petra Finance enterprise and Defendants' associated-in-fact enterprise are ongoing and continuous. Their members are, and have been for many years, associated for the common and shared purposes of extorting monies from their business partners, defrauding closing agents in connection with real estate transactions, and evading their taxes. The extortive and fraudulent criminal acts are accomplished through deception and threats. The enterprises are principally located in the Southern District of Florida, and a number of the predicate acts alleged herein were committed within this district.

32. As set forth above, each member of the Petra Finance enterprise and Defendants' associated-in-fact enterprise independently guides the operations of the enterprises, and, pursuant to the operation of the enterprises, each member has participated in the extortion and defrauding of Plaintiffs, the fraud on the IRS, and/or the fraud on the closing agents.

33. While each member of the Petra Finance enterprise separately participates in and conducts the enterprises, each member also has an existence distinct from the enterprises. Moreover, Petra Finance and Defendants' associated-in-fact enterprise have an ascertainable structure separate and apart from the pattern of criminal activity in which its members engage; viz., they are engaged in some legitimate investment activities.



COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
Email: info@coffeyburlington.com www.coffeyburlington.com

34. As demonstrated herein, Defendants' pattern of criminal activity through the Petra Finance enterprise and Defendants' associated-in-fact enterprise is extensive and continuous, and includes the following predicate acts:

a. The fraudulent closings and FIRPTA affidavits, each of which constitutes a separate criminal act of wire fraud, including the following:

i. The closing on 11222 Roundelay Road, Cooper City, Florida, and the FIRPTA affidavit dated October 2008 and related to same signed by Defendant Magno (see Exhibit 2, annexed hereto);

ii. The closing on 13617 Burnside Place, Fontana, California, and the FIRPTA affidavit dated April 9, 2009 and related to same signed by Defendant DeStefanis (see Exhibit 3, annexed hereto);

iii. The closing on 2012 NE 32nd Avenue, Fort Lauderdale, Florida, and the FIRPTA affidavit dated October 5, 2009 and related to same signed by Defendant DeStefanis (see Exhibit 4, annexed hereto);

iv. The closing on 8119 Waterview Blvd., Lakewood Ranch, Florida, and the FIRPTA affidavit dated June 5, 2008 and related to same signed by Defendant Magno (see Exhibit 5, annexed hereto);

v. The closing on certain real property in Orange County, Florida, and the FIRPTA affidavit dated July 1, 2010 and related to same signed by Defendant DeStefanis (see Exhibit 6, annexed hereto).

b. Their extortion of Plaintiffs, which began in early 2008, and culminated in March 2008, when Defendants made various implicit and explicit threats to



COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
Email: info@coffeyburlington.com www.coffeyburlington.com

Plaintiffs, resulting in the $10 million Redwood promissory note, and Kirsch's guarantee thereof.

c. Defendants' mail fraud and wire fraud directed at Plaintiffs through their scheme to coerce Plaintiffs to agree to turn over the real estate investment portfolio and agree to pay $10M by virtue of Defendant Merrill's fraudulent actions in breach of his fiduciary duties.

d. Defendants' mail fraud, wire fraud, and bank fraud directed at the IRS, through their material misrepresentations in the Redwood promissory note, including their misrepresentations that Redwood is a not a "United States Person" as defined in I.R.C. § 7701(a)(30), made to avoid federal income taxation on income derived pursuant to the promissory note.

35. Defendants, through their racketeering enterprises, have committed these same or similar criminal acts against other persons, and continues to do so.

36. These predicate acts are related to one another as part of Defendants' ongoing and continuous scheme to defraud closing agents and the IRS and to extort monies from their business partners, and constitute a pattern of criminal activity.

37. As a direct and proximate result and by reason of Defendants' violation of 18 U.S.C. § 1962(c), viz. their conducting of and participating in the Petra Finance enterprise and their associated-in-fact enterprise through the pattern of criminal activity outlined above, Plaintiffs have been damaged. The extortive conduct of Defendants was accompanied by a clear threat that retaliation would follow if Plaintiffs did not comply therewith. The ARE-related Plaintiffs' agreement to sign the $10 million promissory note, and Kirsch's guarantee thereof, were the proximate result of the predicate criminal acts of extortion.



COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
Email: info@coffeyburlington.com www.coffeyburlington.com

WHEREFORE, Plaintiffs respectfully request a judgment for trebled damages, attorney's fees, interest, costs, and such other relief as this Court might deem just and proper.

**COUNT II**
**(Violation of 18 U.S.C. § 1962(d))**
**(against all Defendants)**

Plaintiffs incorporate paragraphs 1 through 26 as if set forth fully herein.

38. Plaintiffs bring this action under 18 U.S.C. § 1964(c), for violations of 18 U.S.C. § 1962(d), as described more fully herein.

39. As set forth above, Defendants have violated 18 U.S.C. § 1962(c) through their conducting of a pattern of racketeering activity through the Petra Finance enterprise and their associated-in-fact enterprise. As a direct and proximate result of Defendants' violations, Plaintiffs have been injured.

40. Additionally, Defendants have, during the period beginning in 2006 and continuing through the present, conspired to violate 18 U.S.C. § 1962(c), with the objective of illegally obtaining funds from their business partners and evading their taxes.

41. Defendants have agreed to commit the predicate acts alleged herein. Inter alia, their agreement is evidenced by their cooperative actions in extorting money from Plaintiffs, committing fraud on the IRS, and defrauding closing agents. These cooperative actions also constitute overt acts taken in furtherance of the conspiracy.

42. As a direct and proximate result and by reason of Defendants' conspiracy to violate 18 U.S.C. § 1962(c), viz., their conspiracy to conduct and participate in the Petra Finance enterprise and their associated-in-fact enterprise through the pattern of criminal activity outlined above, Plaintiffs have been damaged.



COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
Email: info@coffeyburlington.com www.coffeyburlington.com

WHEREFORE, Plaintiffs respectfully request a judgment for trebled damages, attorney's fees, interest, costs, and such other relief as this Court might deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury of all issues so triable.

Dated: December 31, 2010.

COFFEY BURLINGTON, P.L.
*Counsel for Plaintiffs*
2699 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261

By: /s/ *Benjamin H. Brodsky*
David A. Freedman
Florida Bar No. 161817
dfreedman@coffeyburlington.com
Benjamin H. Brodsky
Florida Bar No. 73748
bbrodsky@coffeyburlington.com